## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**TERRENCE JOHNSON,**

**Petitioner,**

**v.**                                                     **Civil Action No.: 3:14–CV–126**
                                                         **Criminal Action No.: 3:12–CR–49**

**UNITED STATES OF AMERICA,**

**Respondent.**

## REPORT AND RECOMMENDATION

On November 24, 2014, the *pro se* Petitioner, Terrence Johnson, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Civil Action No. 3:14cv136, ECF. No. 1; Criminal Action No. 3:12cr49, ECF No. 162.[1] On December 15, 2014, the Petitioner filed his Motion on the court-approved for, ECF No. 168.   After a preliminary review of the file, the undersigned determined that summary dismissal of the petition was not warranted, and the Respondent was directed to file an answer. The Respondent filed a Response on July 28, 2015. ECF No. 174.   To date, the Petitioner has not filed a Reply. Accordingly, this case is before the undersigned for a report and recommendation pursuant to LR PL P 2, et seq.

## I. PROCEDURAL HISTORY

On July 24, 2012, the Petitioner was indicted on five counts of various drug-related charges. ECF No. 1.   The case went to trial, and, on March 8, 2013, a jury found the Petitioner guilty on counts 1, 3, 4, and 5 of the Indictment.   On May 20, 2013, the Petitioner was sentenced to 135 months imprisonment and four years supervised release on each count, to run concurrently.   ECF Nos. 124 & 130.

---

[1] From this point forward, all ECF Numbers refer to the Petitioner's Criminal Action.

On May 23, 2013, the Petitioner filed a notice of appeal. ECF No. 132. The Fourth Circuit affirmed the Petitioner's conviction and sentence on November 21, 2013. ECF No. 142. The Petitioner then filed a pro se Motion for Writ of Error Coram Nobis on March 24, 2014. ECF No. 146. On June 16, 2014, the District Court entered an Order Denying and Dismissing with Prejudice Defendant's Motion for Lack of Jurisdiction and Venue. ECF No. 147. Finally, on November 24, 2014, the instant § 2255 Petition was filed. ECF No. 162.

## II. CONTENTIONS OF THE PARTIES

The Petitioner alleges one claim in support of his Petition for relief under § 2255. In particular, the Petitioner argues that he suffered ineffective assistance of counsel when his trial attorney failed to request a specific jury instruction regarding the testimony of "paid and drug addicted informants." ECF No. 168 at 5.

The Government argues that the Petitioner has shown no deficiency in his trial counsel's performance beyond a mere assertion, which is without merit, because the District Court gave the jury instruction the Petitioner claims should have been given.

## III. STANDARD OF REVIEW

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving that his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States of America, CRIM.A. 2:02CR65, 2006 WL 36859, at *2 (E.D. Va Jan. 4, 2006).

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court of the United States established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the test requires that petitioner demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." Id. at 688. The second prong requires the petitioner to show that the deficient performance prejudiced the defense. Id. at 687. In order to satisfy the prejudice requirement of the two-prong test set forth in Strickland, defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364 (1993).

It is further noted that a Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. Strickland 466 U.S. at 689–90. Moreover, there are no absolute rules in determining what is reasonable performance. See Hunt v. Nuth, 57 F.3d 1327, 1332 (4th Cir. 1995) (counsel's representation is viewed on the facts of a particular case and at the time of counsel's conduct).

The Fourth Circuit has squarely addressed whether an attorney failing to request an informant instruction rises to the level of ineffective assistance of counsel under Strickland, and in so doing, the Court held that "trial counsel was ineffective [for failing] to request an informant instruction when it would have been reversible error for the court to refuse to give it if requested, and that ineffectiveness prejudiced the outcome of [the defendant's] trial because the jury was not cautioned to consider the special problems of credibility posed by the government's paid informants." United States v. Luck, 611 F.3d 183, 190 (4th Cir. 2010).

## IV. ANALYSIS

In his only ground for relief, the Petitioner alleges that he suffered ineffective assistance of counsel during his trial. Specifically, the Petitioner argues that his "counsel was unconstitutionally defective in a way that prejudiced the outcome of the case, and that he, petitioner, has overcome the two-prong assessment or a [Strickland] claim . . . ." ECF No. 162-1 at 6.

In Luck, the trial court only gave the jury a general instruction regarding witness credibility. See 611 F.3d at 189 (the Fourth Circuit noted, "the informant instruction is *sui generis*; it alerts jurors to the potentially unique problems that inhere where an individual is paid to inculpate a defendant."). The Fourth Circuit held that a general instruction was not enough; "the jury needs to be instructed to scrutinize informant testimony more carefully than other witnesses, even biased witnesses, because of the potential for perjury born out of self-interest." Id. at 187. Likewise, the Petitioner avers that the District Court merely issued a general instruction, and "[t]here is a strong possibility that the outcome of the trial would have been different based on the addict/informant instruction due to the instruction more effectively cautions [sic] the jurors to think closely about the testimony." ECF No. 162-1 at 6. The undersigned must disagree.

The District Court gave much more than a general credibility instruction–which was the instruction at issue in Luck. Here, the Court instructed the jury that

> One or more witnesses have testified in this case who have not been prosecuted or who have entered into plea agreements with the United States. It is no concern of yours why the United States chose not to indict a certain person or if it did indict him or her, why it determined to treat that person with leniency. The decision of what persons should be prosecuted for and what pleas of guilty should be accepted from persons who are indicted are matters which the Constitution and Statutes of the United States have delegated to the Attorney General of the United States, who, in turn, has delegated it to the United States Attorney and his counterparts in other judicial districts.
>
> The testimony of a person who provides evidence against a defendant as an informer

for pay or for immunity from punishment or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by any of those circumstances, or by the witness's interest in the outcome of the case, or by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution or from entering into a plea agreement. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant solely upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.
. . .

The testimony of an informant, someone who provides evidence against someone else for money, or to escape punishment for his own misdeeds or crimes, or for other personal reason or advantage, must be examined and weighed by the jury with greater care than the testimony of a witness who is not so motivated.

The jury must determine whether the informer's testimony has been affected by self-interest in the outcome of this case, or by the agreement he has with the government, or his own interest in the outcome of the case, or by prejudice against the defendant.

The testimony of a drug or alcohol abuser must be examined and weighed by the jury with greater care than the testimony of a witness who does not abuse drugs or alcohol.

The jury must determine whether the testimony of the drug or alcohol abuser has been affected by drug or alcohol use or the need for drugs or alcohol.

ECF No. 107 at 8–9; 26–27.

The instruction given by the District Court appears to be exactly the type of instruction the Fourth Circuit endorsed in <u>Luck</u>. Accordingly, the undersigned finds that the Petitioner did not suffer from ineffective assistance of trial counsel, because the Court delivered to the jury the instruction he claims his lawyer failed to request.

## V. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the Petitioner's § 2255

Motion be **DENIED**, and the case be **DISMISSED** with prejudice.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections shall also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. The Clerk is further **DIRECTED** to provide copies of this Report and Recommendation to counsel of record via electronic means.

DATED: May 9, 2016.

*/s Michael John Aloi*
**MICHAEL JOHN ALOI**
**U.S. MAGISTRATE JUDGE**